IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARIA M. OCASIO,**

      **PLAINTIFF,**

**V.**

                                 Case No. _____

**CAPITAL ONE BANK (USA), N.A.,**

      **DEFENDANT.**

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Capital One Bank (USA), N.A. (Capital One) gives notice of the removal of this action from the Circuit Court for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, stating as follows:

### I. INTRODUCTION

1.  On November 15, 2016, Plaintiff Maria M. Ocasio commenced this action by filing a Complaint in the Circuit Court for Hillsborough County, Florida, Case Number 16-CA-10547. True and correct copies of all process, pleadings and orders served on Capital One is attached hereto as Exhibit A.

2.  In the Complaint, Plaintiff alleges that Capital One placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system after she requested calls cease. (Complaint ¶¶ 6-20). The Complaint also alleges that these calls

were made after Plaintiff revoked consent to be called "using an automated dialer." (Complaint ¶ 7; *see also* ¶¶ 8-20). As a result of this purported conduct, Plaintiff brings claims against Capital One for violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act (FCCPA), 559.55, *et seq.* (*See generally* Complaint, Count I; Count II; Count III).[1]

3. Capital One received a copy of the Summons of Complaint through service or otherwise on November 16, 2016. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446.

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because the lawsuit places at issue claims arising under a law of the United States. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II. FEDERAL JURISDICTION

A. **Federal Question Jurisdiction Exists Over This Action.**

5. This action may be removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1331.

6. Specifically, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question

---

[1] Capital One denies Plaintiff is entitled to any judgment, damages, relief, and/or award and demands strict proof thereof.

is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

7. In the fifth Paragraph of the Complaint, Plaintiff states that she asserts a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (*See* Complaint, ¶ 5).

8. Additionally, Count I of the Complaint seeks to hold Capital One liable for violations of the TCPA. (*See* Complaint, Count I.)

9. The United States Supreme Court has held that TCPA claims give rise to federal question jurisdiction. *See Mims v. Arrow Financial Services, LLC*, --- U.S. ---, 132 S.Ct. 740, 745, 181 L.E.2d 881 (2012); *see also Balthazar v. Central Credit Services, Inc.,* 475 Fed. Appx. 716 (11th Cir. 2012).

10. Because Plaintiff has asserted claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1441(b).

B. **Supplemental Jurisdiction Exists Over Plaintiff's Remaining Claims.**

11. This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claims because these claims form part of the same case or controversy as Plaintiff's TCPA claims. (*See generally* Complaint).

12. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

13. Plaintiff's FCCPA claims are related to the same alleged activity that forms the basis for Plaintiff's TCPA claims, i.e., alleged telephone calls made to Plaintiff. (*See* Complaint ¶¶ 6-20, Count II & Count III). *See also* 28 U.S.C. § 1367.

14. Capital One expressly consents to this Court's jurisdiction over Plaintiff's FCCPA claims.

15. Accordingly, these claims are related to Plaintiff's federal question claims, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

### III. PROCEDURAL REQUIREMENTS

16. No prior application has been made for the relief requested herein.

17. The United States District Court for Middle District of Florida, Tampa Division, embraces the place where this action was pending in State Court.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, will be filed with the Clerk of the Circuit Court for Hillsborough County, Florida.

19. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

20. True and correct copies of all process, pleadings and orders served on Capital One are attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

21. Pursuant to Local Rule 4.02(b), true and correct copies all process, pleadings, orders, and other papers or exhibits of every kind, including depositions on file in the state court are attached hereto as Exhibit B.

22. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Capital One's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fla. R. Civ. P. 1.110 and 1.140 or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

23. To the extent remand is sought by Plaintiff or otherwise visited by this Court, Capital One requests the opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

Dated: December 6, 2016

Respectfully Submitted,

/s/ Laura Westerman Tanner

Joshua H. Threadcraft
Florida Bar No. 96153
Joshua.Threadcraft@burr.com
Megan P. Stephens
Florida Bar No. 0092557
Megan.Stephens@burr.com
Laura Westerman Tanner
Florida Bar No. 85573
ltanner@burr.com
**BURR & FORMAN LLP**
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701

*Attorneys for Capital One Bank (USA), N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of December, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System, and has also been sent to counsel by U.S. Mail, postage prepaid.

Robert W. Kerr
Kerr Law Group, P.A.
101 NE 3rd Ave, STE 1500
Ft. Lauderdale, FL 33301
Robert@thekerrlawgroup.com

_____
ATTORNEY