IN THE CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**MARIA M. OCASIO,**
**Plaintiff,**                                    **CASE NO.:**

**V.**                                                      **JUDGE:**

**CAPITAL ONE BANK (USA), N.A.,**
**Defendant,**
_____/

## COMPLAINT

COMES NOW, Plaintiff, **Maria M. Ocasio** ("Plaintiff"), on behalf of himself and by and

through undersigned counsel, files this complaint against Defendant, **Capital One Bank (USA),**

**N.A.** ("Defendant"), and in support thereof would state the following:

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of $15,000.00 that are within the jurisdiction

of this court.

2.      Plaintiff is a resident of Hillsborough County, Florida.

3.      Defendant is a business entity that regularly conducts business in the State of

Florida and, as such, is a citizen of the State of Florida.

4.      Venue is proper in Hillsborough County, Florida as the violations occurred there.

5.      This is an action for damages brought by an individual consumer against the named

Defendant for violations of the Florida Consumer Collection Practices Act, §559.55-§559.785,

(" FCCPA)" and Telephone Consumer Protection Act 47 U.S.C. §227, ("TCPA").

## FACTS COMMON TO ALL COUNTS

6.     The Plaintiff has two (2) credit card accounts with the Defendant, Account No.: ▮▮▮▮▮▮XXXX and ▮▮▮▮▮-XXXX ("Accounts").

7.     On February 11, 2016, Plaintiff sent a letter to Defendant indicating that the alleged debts was in dispute, as well as requesting documentary evidence in the substantiation of the alleged debts. (See Attached Exhibit 1)

8.     The letter referenced in paragraph 07 stated, "You are hereby notified to immediately terminate any contact with me or any members of my family, household, or place of employment, regarding any matter concerning the collection of a debt you allege is owed to your company or to your principal/customer/client, the original creditor noted. It is inconvenient for me to receive calls at work, and my boss does not allow me to receive personal calls. I hereby revoke any express or implied consent I may have given to your company to call me using an automated dialer." (See Attached Exhibit 1)

9.     On March 15, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone, (813) 405-9413 at 5:51 p.m.

10.    On March 16, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 10:19 a.m.

11.    On March 17, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 5:15 p.m.

12.    On March 18, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 10:49 a.m.

13.    On March 19, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 9:12 a.m.

14.     On March 20, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 9:16 a.m.

15.     On March 22, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 5:14 p.m.

16.     On March 23, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 10:06 a.m.

17.     On March 24, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 5:05 p.m.

18.     On March 26, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 9:13 a.m.

19.     On March 28, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 10:14 a.m.

20.     On March 29, 2016, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 8:23 a.m.

## COUNT ONE

### Willful and Knowing Violations of the Telephone and Cosnumwer Protection Act

21. Defendant re-alleges and incorporates paragraphs 1 through 20 above as if fully stated herein.

22. This is an action arising out of Defendant's violations of the Telephone Consumer Protection Act, as set forth in 47 U.S.C. §227(b)(1)(A)(iii).

23. Specifically, "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A) to make *any call* (other than a call made for emergency purposes or made with the prior express consent of the

called party) using any automatic telephone dialing system or an artificial or prerecorded voice— (iii) to any telephone number assigned to a ... cellular telephone service, specialized ...or any service for which the called party is charged for the call..." TCPA 47 U.S.C. §227(b)(1)(A)(iii)

24. Defendant utilizes an auto-dialer system as defined by 47 U.S.C. 227(a)(1).

25. Plaintiff did not knowingly or voluntarily give permission to Defendant to contact him via cellular phone.

26. Defendant willfully and knowingly continued to violate the regulations under this act by incessantly harassing and communicating with Plaintiff via Plaintiff's cellular phone using an auto-dialer.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, statutory damages in the amount of One Thousand Five Hundred Dollars (U.S. $1,500.00) per violation exclusive of costs and attorney's fees, which are prayed for in addition thereto, and punitive damages.

## COUNT TWO
### Claim for Harassment

27. Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1 through 26, as though fully set forth herein.

28. This is an action arising out of Defendant's violations of the Florida Consumer Collections Practices Act §559.72(7), *Fla. Stat.* (2011) which prohibits willful communication with the debtor which can reasonably be expected to abuse or harass the debtor.

29. Defendant is a "debt collector" as defined by the FCCPA.

30. Plaintiff is an "individual consumer" as defined by the FCCPA and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically an alleged debt with Defendant.

31. Defendant violated §559.72(7), *Fla. Stat.* (2011) by willfully engaging in conduct which can reasonably be expected to abuse or harass the Plaintiff while attempting to collect the alleged debt.

32. In total, Defendant made 12 telephone calls to Plaintiff attempting to collect a debt.

33. Said violations were willful, for which Plaintiff seeks additional punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages (comparable to damages outlined to the TCPA), statutory damages in the amount of One Thousand dollars ($1,000.00), and punitive damages.  Additionally, cost and attorney's fees.

### COUNT THREE
### Claim for Permanent Injunctive Relief

34. Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1 through 20, as though fully set forth herein.

35. This is an action for injunctive relief brought pursuant to section 559.77 of the Florida Statutes. Pursuant to said section, the Court may enjoin Defendant from committing further violations of section 559.72. Specifically, the Defendant has violated §559.72(7), *Fla. Stat.* (2011) which prohibits conduct that can reasonably be expected to harass or abuse the debtor.

36. Defendant is a "debt collector" as defined by the FCCPA.

37. Plaintiff is an "individual consumer" as defined by the FCCPA and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically an alleged debt with Defendant.

38. In applying and construing the FCCPA, great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the FDCPA.  §559.77(5).

39. There is a substantial likelihood of irreparable harm if the conduct by Defendant is not enjoined because it would allow the Defendant to continue an attempt to collect the alleged debt from the Plaintiff and continue to damage the Plaintiff's good name and reputation within the community by and through a reduced credit score.

40. Plaintiff has no adequate remedy at law to prevent further violations of section 559.72 of the Florida Statutes.

41. There is a substantial likelihood of success on the merits and this injunction will best serve the public interest.

42. Plaintiff has retained the undersigned attorney in the prosecution of this action and is obligated to pay him reasonable attorney's fees. Attorney's fees are recoverable pursuant to §559.77, *Fla. Stat.* (2011).

43. As a result of the Defendant's violation of the FCCPA, Plaintiff has retained the undersigned attorney and has agreed to pay the attorney a reasonable fee plus costs for the services rendered on this issue.

WHEREFORE, Plaintiff demands judgment against Defendant permanently enjoining it from further collection of the aforementioned alleged debt, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through the undersigned counsel, demands relief against Defendant as follows:

44. A judgment against Defendant in the amount of One Thousand Dollars (U.S. $1,000.00) for violation of the FCCPA 559.72(7).

45. A finding that the actions of the Defendant were willful for violations of the FCCPA.

46. Punitive damages for the willful violations of the FCCPA as the Court seems just and proper.

47. A judgment against Defendant in the amount of $18,000 (Eighteen Thousand dollars) for multiple violations of the TCPA 47 U.S.C. §227.

48. An award of attorney's fees plus costs herein incurred.

49. Any and all other relief to which Plaintiff may be entitled to and the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 15 day of November, 2016.

Respectfully Submitted,

**Kerr Law Group, P.A.**
Robert W. Kerr, Esq.
Florida Bar No. 21758
101 NE 3rd Ave., Ste. 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 906-9020
Robert@thekerrlawgroup.com

# EXHIBIT 1

Maria M Ocasio
2314 Lake Woodberry Circle
Brandon, FL 33510


February 11th, 2016


CAPITAL ONE
P.O. Box 30285
Salt Lake City, UT 84130-0285


RE: Maria M Ocasio
Original Account #: ███████7675
Reference #: _____
Last 4 of SSN: XXX-XX-0295

To Whom It May Concern:

I am hereby formally requesting written documentation to validate this disputed debt to the above reference account.

Please provide the following information:

1. The name and address of the creditor to whom the debt is currently owed, the account number used by that creditor, and the amount owed as well as any added interest or late fees.
2. If you are not the original creditor, provide the name and address of the original creditor, the account number used by that creditor, and the amount owed to that creditor at the time it was transferred.
3. Provide verification and documentation that there is a valid basis for claiming that I am required to pay the debt to the current creditor. For example, can you provide a copy of the written agreement that created my original requirement to pay?
4. Identify the date of the last payment made on this account.
5. If the alleged debt is the result of an assignment, please provide the contract and terms for this assignment and attach copies as proof thereof.

You are hereby notified to immediately terminate any contact with me or any members of my family, household, or place of employment, regarding any matter concerning the collection of a debt you allege is owed to your company or to your principal/customer/client, the original creditor noted. It is inconvenient for me to receive calls at work, and my boss does not allow me to receive personal calls. I hereby revoke any express or implied consent I may have given to your company to call me using an automated dialer. Unless this information is validated as requested above, please immediately notify all Credit Reporting Agencies to whom you may have reported this information about my alleged debt. Thank you for your cooperation and attention to this matter.

Sincerely,

Maria M Ocasio